**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CURTIS HOLMES,**
**Petitioner**

**- against -**

**UNITED STATES OF AMERICA,**

**Respondent.**

---

**09 Cr. 126 (JGK)**
**14 Cv. 6626(JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The petitioner, currently incarcerated in U.S.P. Allenwood in Pennsylvania, brings this pro se motion under 28 U.S.C. § 2255 challenging the legality of his sentence entered in United States v. Holmes, No. 09 Cr 126, on September 15, 2010. For the reasons that follow, the petitioner's motion is time-barred and must be dismissed.

After the petitioner's guilty plea, the Court sentenced petitioner to 97 months' imprisonment on charges of robbery under the Hobbs Act, 18 U.S.C. § 1951, to be followed by 84 months' imprisonment for a firearm violation under 18 U.S.C. § 924 – a total of 181 months' imprisonment. The petitioner did not appeal the conviction.

On or about May 3, 2012, the petitioner filed an application, styled as a motion under Rule 52(b) of the Federal Rules of Criminal Procedure and the All Writs Act, 28 U.S.C. § 1651, seeking to vacate or set aside this conviction and sentence. By Order dated April 29, 2013, the Court denied that

application, and the Court of Appeals denied a certificate of appealability. See Holmes v. Barnett, No. 13-2820 (2d Cir. Dec. 19, 2013). The petitioner also brought a petition under 28 U.S.C. § 2241, seeking an order transferring him to a prison within New York State so that he could schedule his parole revocation hearing. The Court held that his § 2241 petition was directed at his present physical confinement and therefore must be brought in Pennsylvania. See Holmes v. Thomas, No. 14 Cv. 1248 (S.D.N.Y. Aug. 6, 2014) (transferring § 2241 petition to the Middle District of Pennsylvania). On August 8, 2014, the Court received the petitioner's present motion under 28 U.S.C. § 2255.

A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f).

The petitioner argues that the present motion is timely under § 2255(f)(3) because it was filed within one year of the

Supreme Court's decision in Bonds v. United States, 134 S. Ct. 2077 (2014), under which the petitioner argues the Government did not have jurisdiction to arrest him. However, Bonds has no bearing on the petitioner's case. Bonds concerned the Government's ability to prosecute a "purely local crime" under the Chemical Weapons Convention Implementation Act, 18 U.S.C. § 229. 134 S. Ct. at 2091-92. The Court held that because the Act was intended to ratify an international treaty against chemical weapons, Congress did not intend it to reach a "local assault with a chemical irritant." Id. at 2093.

In the present case, the petitioner pleaded guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 1951, and using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). There is no colorable argument that the Government did not have the authority to prosecute the petitioner under those statutes. Bonds is therefore inapplicable. There is no showing that any provision of § 2255 other than § 2255(1) would apply, and the petitioner's motion is therefore time-barred.

Even if the petitioner's motion to vacate his conviction were timely made, it would be without merit. The petitioner appears to argue that the Government's jurisdiction over him in this case is limited to special maritime and territorial

jurisdiction, and that it therefore did not have jurisdiction to arrest him. However, the petitioner was sentenced under the Hobbs Act, which requires only a "de minimis showing" of an interstate nexus for the Government to exercise jurisdiction over the petitioner. United States v. Silverio, 335 F.3d 183, 186 (2d Cir. 2003). The petitioner cannot argue that the Government did not satisfy the minimal burden of showing that the petitioner's conduct affected commerce "in any way or degree." United States v. Elias, 285 F.3d 183, 187 (2d Cir. 2002) (quoting 18 U.S.C. § 1951). Similarly, there is no showing that the Government lacked jurisdiction to prosecute the defendant for the firearm offense to which he pleaded guilty.

**Conclusion**

The Court has considered all of the arguments of the parties. For the forgoing reasons, the petitioner's motion is **denied** as time-barred.

Because the petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 445

(1962) (holding that an appellant demonstrates good faith when the appellant seeks review of a nonfrivolous issue).

**The Clerk is directed to close all pending motions and to close this case.**

**SO ORDERED.**
**Dated: New York, New York**
**December 4, 2014**

**___________/s/_____________**
**John G. Koeltl**
**United States District Judge**